Mr. Paul D. Shatsoff Formal Opinion No. 99-F4 Administrative Officer S Deferred Compensation Board Empire State Plaza Suite 1201 Albany, New York 12223-1250
Dear Mr. Shatsoff:
You have requested our opinion regarding whether members of the New York State Deferred Compensation Board (the "Board") are entitled to defense and indemnification under Public Officers Law § 17.
Section 17 of the Public Officers Law provides for the defense and indemnification of State "employees" for acts or omissions committed in the performance of their public employment duties. The term "employee" is defined as "any person holding a position by election, appointment or employment in the service of the state . . . whether or not compensated." Public Officers Law § 17(1)(a). Therefore, entitlement of members of the Board to defense and indemnification under Public Officers Law § 17 requires a determination of the status of the Board.
The Board derives its identity from section 5 of the State Finance Law. Section 5 provides, in pertinent part, as follows:
 The deferred compensation board is hereby established, to consist of one member appointed by the governor, one member appointed by the temporary president of the senate and one member appointed by the speaker of the assembly. The board shall adopt rules and regulations regarding the standards and requirements of all deferred compensation plans established pursuant to this section, including selection of financial organizations for investment purposes. State Finance Law § 5(1).
The Board was formed for the express purpose of establishing and administering a deferred compensation plan for State employees. State Finance Law § 5(2). Board members who are also State employees receive no compensation for service on the Board, but receive reimbursement for actual expenses incurred in the performance of Board duties. L 1982, ch 547, § 9(b). Board members who are not State employees receive a per-diem payment for services in addition to reimbursement for actual expenses. Id. Funding for services and expenses of Board members is provided by an appropriation in the State budget out of the general fund, State purposes account. Executive Budget, April 1, 1998-March 31, 1999, p 434.[1]
You have informed us that the Board has no paid staff and that all services, including legal, administrative and financial, are provided by independent contractors. Additionally, the Board uses staff from the Governor's Office of Employee Relations, the Senate and the Assembly when needed for Board purposes.
The Legislature has not characterized the Board as a particular type of legal entity. Although the Board was not expressly established as part of a State department or agency, it also was not designated as a public corporation. A "public corporation" is a municipal corporation, a district corporation, or a public benefit corporation. General Construction Law § 66(1). Clearly, the Board is not a municipal corporation or a district corporation. Id., § 66(2), (3). A public benefit corporation is a "corporation organized to construct or operate a public improvement." General Construction Law §66(4). A public benefit corporation is legally separate from the State.[2] The Board does not fall within the definition of a public benefit corporation. Also, the Legislature has expressly designated entities as "public benefit corporations." See, Public Authorities Law §§ 152, 202, 552, 577, 1045-c. No such designation is made for the Board.
It is our opinion that the Board is not an independent entity separate and apart from the State and that Board members are "in the service of the state." Consistent with State and federal law, the Board provides a service to State employees constituting a part of their terms and conditions of employment. Provision of this benefit to State employees is service to the State within the meaning of Public Officers Law §17. Another indicia of State service is the appropriation in the State budget out of the general fund, State purposes account. Additionally, the Board's enabling legislation, which does not establish the Board as an entity separate from the State (see, Op Atty Gen No. 89-F13 and Op Atty Gen No. 88-F10), is in contrast to, for example, Arts and Cultural Affairs Law § 55.05; Public Authorities Law §§ 152,1677, 1852, 2433; Racing, Pari-Mutuel Wagering and Breeding Law §§245, 253, 431, which designate various boards and other entities performing a public service as "public benefit corporations." Thus, the Board was created for the express purpose of establishing and administering a deferred compensation plan for State employees, is funded by the State purposes account of the State budget and is not designated by the Legislature as, or otherwise within the definition of, a public benefit corporation or other public corporation.
We conclude that members of the New York State Deferred Compensation Board are in the service of the State in managing the deferred compensation plan on behalf of State employees and, therefore, are "employees" entitled to defense and indemnification under Public Officers Law § 17.[3]
Very truly yours,
ELIOT SPITZER, Attorney General
[1] The proposed 1999 budget seeks an appropriation of $150,000 for "services and expenses of the deferred compensation board undertaken pursuant to the deferred compensation board's responsibilities under § 5 of the State Finance Law." 1999 New York State Senate Bill No. 1602.
[2] Public benefit corporations are separate and distinct from New York State. New York State Chapter, Inc. v. New York State Thruway Authority,88 N.Y.2d 56, 74 (1996). In the absence of express statutory authority, their directors and employees are not entitled to defense and indemnification under section 17. Op Atty Gen No. 89-F13.
[3] We note that Board members seeking defense and indemnification by the State must comply with the procedural requirements of section 17(4) of the Public Officers Law.